IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEXOS MEDIA IP, LLC,

    Plaintiff,

v.

RALPH LAUREN CORPORATION,
CLUB MONACO U.S., LLC, and
CLUB MONACO CORPORATION

    Defendants.

C.A. No. 17-1319-LPS

Stamatios Stamoulis and Richard Charles Weinblatt, STAMOULIS & WEINBLATT LLC, Wilmington, DE

    Attorneys for Plaintiff

Kelly E. Farnan and Nicole Kathleen Pedi, RICHARDS, LAYTON & FINGER, PA, Wilmington, DE

James F. Valentine, Victoria Q. Smith, and Amisha K. Manek, PERKINS COIE LLP, Palo Alto, CA

    Attorneys for Defendants

**MEMORANDUM OPINION**

September 27, 2018
Wilmington, Delaware

**STARK, U.S District Judge:**

Plaintiff Lexos Media IP, LLC ("Lexos") filed suit against Defendant Ralph Lauren Corporation ("RLC") on September 15, 2017, alleging infringement of U.S. Patent No. 5,995,102 ("the '102 patent") and U.S. Patent No. 6,118,449 ("the '449 patent"). (D.I. 1) On November 27, 2017, Lexos filed a First Amended Complaint ("FAC"). (D.I. 15) On December 18, 2017, RLC moved to dismiss the FAC for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), based on RLC's contentions that Lexos failed to plead sufficient facts to place RLC on notice of Lexos' infringement theory, and that Lexos' allegations did not state a plausible claim for infringement. (D.I. 20) Lexos later joined Defendants Club Monaco U.S., LLC and Club Monaco Corporation. (D.I. 42)

For the reasons stated below, the Court will deny RLC's motion to dismiss.

## I. BACKGROUND

The '102 patent and the '449 patent, which share a common specification, relate to systems for modifying a cursor image displayed on a user's computer terminal. RLC operates a website that, according to Lexos, modifies cursor images in a manner that infringes claims of the '102 patent and the '449 patent. (D.I. 15)

In its FAC, Lexos alleges infringement of claims 71, 72, and 73 of the '102 patent, and claims 1 and 53 of the '449 patent. (*Id.*) All asserted claims involve modifying a cursor image. Claim 72 of the '102 patent, which is representative, includes the following:

> A method for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server, comprising:
>
> . . .
>
> providing . . . to said user terminal . . . cursor image data corresponding to a specific image; and

1

> transforming said initial cursor image . . . into the shape
> and appearance of said specific image . . . .

(D.I. 15, Ex. A)

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

RLC moves to dismiss on two grounds: (1) the screenshots of RLC's website in the FAC fail to plausibly show modification of the shape and appearance of a cursor image as required by all asserted claims (D.I. 20 at 12-13); and (2) the FAC fails to allege infringement of each limitation of at least one asserted claim (D.I. 20 at 10-11). The Court will address each in turn.

### A. Pleadings Related to the Modification of a Cursor Image

RLC contends that Lexos' FAC fails to describe how RLC's website modifies the "shape and appearance" of the "cursor image" recited by the claims. (*See* D.I. 20 at 12-13) The parties' briefing makes clear that they have a dispute as to the construction of the term "cursor image." The relevant screenshots in the FAC are reproduced below:

3





(D.I. 15 at 9)

RLC's theory is that the cursor image is the black pointer arrow shown in the FAC's screenshots. (D.I. 20 at 12) RLC contends that although a rectangle is inserted between the shirt and the cursor when the cursor is moved over the shirt, the cursor image (i.e., the black pointer arrow) itself remains the same. (*Id.*) To RLC, then, the FAC is deficient because the shape and appearance of the cursor image are not modified in any of the screenshots included in the FAC. (*Id.*)

Lexos counters with two theories for how the cursor image is modified. First, Lexos argues that the modified cursor image consists both of the pointer arrow and the rectangular border inserted when the pointer arrow is moved over the shirt. (D.I. 22 at 12) In the alternative, Lexos argues that the modified cursor image is not only the pointer arrow but also the true color portion of the shirt that surrounds the pointer arrow. (D.I. 22 at 13-16) Under this theory, the shape and appearance of the cursor image are modified whenever the cursor moves to a different part of the shirt to show the true color of that part of the shirt. (*Id.*)

Lexos' theories, and the FAC, are sufficiently plausible to satisfy Lexos' burden and survive the motion to dismiss. It appears that the parties' infringement dispute may turn, largely or entirely, on claim construction. Review of a motion to dismiss does not present an occasion for the Court to have to engage in early clam construction. Because the Court might ultimately construe the claims as the patentee proposes, and because the theories of infringement alleged in the complaint are plausible if one of patentee's constructions (perhaps among others) is adopted, Lexos has succeeded in stating a claim on which relief may be granted. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018) (reversing grant of motion to dismiss where patentee had stated plausible claim; plaintiff "is entitled to all inferences in favor on its [infringement] theory" and claim construction dispute was "not suitable for resolution on motion to dismiss");

5

*see also generally Iqbal*, 556 U.S. at 678-79 (stating that claim for relief is plausible when it allows court, using its "experience and common sense," to draw a "reasonable inference" of liability).

### B. Factual Sufficiency of the Pleadings

RLC also contends that the FAC is deficient because it fails to allege how RLC infringes each limitation of at least one asserted claim, and, so, fails to provide RLC with sufficient notice of Lexos' infringement claim. (D.I. 20 at 10-11) RLC specifically identifies two limitations that it asserts are insufficiently pled: (1) a "cursor display instruction indicating a location of . . . cursor image data;" and (2) a "cursor display instruction [that] indicates a cursor display code." (*Id.*)

The FAC appears to be adequate. As importantly, at this point, RLC undoubtedly has a great deal more knowledge of the allegations it is facing than it had at the time it filed its motion to dismiss. In the time since RLC moved for dismissal, Lexos has identified the accused products and asserted patents, RLC has produced core technical documents, Lexos has provided infringement contentions, RLC has provided invalidity contentions, and the parties have filed a joint claim construction chart. (D.I. 31) The Court will not dismiss the FAC. However, if RLC believes, in good faith, that it lacks fair notice and an adequate understanding of Lexos' infringement theory, it may seek appropriate relief, which may include (for instance) a request (made through the Court's Discovery Matters procedures) to compel supplemental infringement contentions.

### IV. CONCLUSION

An appropriate order follows.